# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAIME CHAVEZ-ROJAS, <br><br> Defendant. | Case No.: 18mj3408-RNB-MMA <br><br> **ORDER AFFIRMING JUDGMENT** |

Jaime Chavez-Rojas appeals the judgment entered following his guilty plea conviction of misdemeanor illegal entry in violation of 8 U.S.C. § 1325. The Court has jurisdiction pursuant to 18 U.S.C. § 3402, and reviews for plain error. *See United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013) (holding that "the plain-error rule applies where, as here, the defendant failed to raise the Rule 11 violation before the trial court."). The Court concludes that the magistrate judge did not commit plain error, and therefore **AFFIRMS** the judgment.

Chavez-Rojas argues that the magistrate judge accepted his guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3) in error because there was no factual basis to support a finding that he eluded "examination or inspection by immigration officials," 8 U.S.C. § 1325(a)(2). There was no error. Chavez-Rojas distorts the elements of the offense to argue otherwise. Section 1325(a)(2) is a general intent crime which "is

1

consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations." *United States v. Rincon-Jimenez,* 595 F.2d 1192, 1193-94 (9th Cir. 1979).

According to the probable cause statement in support of the complaint, a border patrol agent apprehended Chavez-Rojas after responding to "an area known to Border Patrol Agents as the 'Well Draw,'" located "approximately three miles east of the Otay Mesa, California, Port of Entry, and approximately one mile north of the United States/Mexico International Boundary." Doc. No. 1 at 2. Upon arrival to the area, the agent found Chavez-Rojas and two other individuals "sitting down on some rocks." *Id*. Sanchez-Ramirez advised the agent that he is a citizen of Mexico "without immigration documents allowing" him "to enter or remain in the United States legally." *Id*. These facts are sufficient to support Chavez-Rojas's conviction under Section 1325(a)(2). *See Rincon-Jimenez,* 595 F.2d at 1193 (holding that an unlawful entry occurred in violation of Section 1325(a)(2) when the defendant, "a Mexican citizen, illegally entered the United States . . . by traversing the beach between Tijuana and San Ysidro late at night. Because he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens."); *see also United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) ("[A] court need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record." (internal quotation marks omitted)); *United States v. Rivera-Ramirez,* 715 F.2d 453, 457 (9th Cir. 1983) (recognizing that Rule 11 prescribes no specific method of establishing the factual basis so long as sufficient evidence on the record supports the conclusion that the defendant is guilty).

Nor did the magistrate judge err under Rule 11(b)(1)(G). The record clearly demonstrates that the magistrate judge properly informed Chavez-Rojas of the nature of the charge against him. *See* Doc. No. 17 at 8. As another court in this District has reasoned, "[w]hile it may lack certain elegance to read the disjunctive parts of the statute, it was done so correctly and included part (a)(2) the specific provision Defendant faced."

*United States v. Choy-Timana*, No. 18mj3200-AJB, 2018 U.S. Dist. LEXIS 146493, at *12 (S.D. Cal. Aug. 28, 2018).

Accordingly, the Court **AFFIRMS** the judgment. The Court **GRANTS** Defendant's motion for leave to file a reply brief, *see* Doc. No. 23, and **DENIES** the joint motion to stay these proceedings. See Doc. No. 24.

**IT IS SO ORDERED**.

DATE: December 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge